# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADVANCED DISASTER RECOVERY, INC. | : |
| Plaintiff | : Case No. 3:25-cv-00496 |
| v. | : |
| SALVATORE DIDINO & SARAH DIDINO, | : |
| Defendants. | : |

## ANSWER AND AFFIRMATIVE DEFENSES OF ADDITIONAL DEFENDANT, ERIC LOPES A/K/A BLUE DOT SOLUTIONS

AND NOW COMES the Third-Party Defendant Eric Lopes, a/k/a Blue Dot Solutions, by and through his undersigned counsel, and answers the Third-Party Complaint of Advanced Disaster Recovery, Inc. ("ADRI") as follows:

1. Admitted that Counterclaim Plaintiffs, Salvatore and Sarah Didino, filed a Counterclaim in the underlying action against ADRI alleging violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, the Home Improvement Consumer Protection Act, and breach of contract, as reflected in ECF No. 8. Except as expressly admitted, all remaining allegations in Paragraph 1 are denied.

2. Admitted.

3. Denied as stated. It is admitted only that the Counterclaim filed by Salvatore and Sarah Didino includes allegations regarding substandard building practices, materials not built to code, and defective workmanship allegedly causing damage to their home. The remaining allegations are conclusions of the pleader to which no response is required. To the extent a response is deemed required, they are denied.

4. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same. By way of further answer, Lopes denies any allegation that he performed improper, faulty, unworkmanlike, or incomplete work on the Didinos' residence and specifically denies that he is responsible for any damages alleged by ADRI or the Didinos.

5. Third-Party Defendant admits that he was retained by ADRI to perform certain construction services in connection with the rebuilding and remodeling of the Didinos' residence following a fire. Except as expressly admitted, Lopes denies the remaining allegations of this paragraph.

## COUNT I

6. Third-Party Defendant incorporates by reference his responses to the preceding paragraphs of the Third-Party Complaint as if fully set forth at length herein.

7. Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies the same.

8. Denied. Third-Party Defendant expressly denies that he failed to perform any work in a good and workmanlike manner, and further denies that he is responsible for any alleged damages claimed in the Counterclaim.

9. Admitted in part and denied in part. Third-Party Defendant admits that he was hired by ADRI to perform certain construction services on the subject premises. Third-Party Defendant denies any remaining allegations, including any implication that he performed such services improperly or is otherwise liable for damages.

10. Denied. Third-Party Defendant expressly denies that he is solely liable to the Didinos or to ADRI for any alleged damages. Third-Party Defendant further denies that he failed to properly perform any construction services in a good and workmanlike manner and denies that ADRI is entitled to indemnity or to recover any amount from him.

# AFFIRMATIVE DEFENSES

**First Affirmative Defense – Failure to State a Claim**

1. The Third-Party Complaint fails to state a claim upon which relief can be granted against Third-Party Defendant.

**Second Affirmative Defense – Consent / Authorization**

2. Third-Party Defendant acted at all times with the knowledge, consent, and authorization of ADRI in performing any services on the Didinos' property.

**Third Affirmative Defense – Compliance with Contract**

3. To the extent any deficiencies are alleged, Third-Party Defendant performed all duties in accordance with the contract and/or agreement with ADRI.

**Fourth Affirmative Defense – Lack of Causation**

4. Any alleged damages suffered by ADRI or the Didinos were not caused by Third-Party Defendant, but rather by others over whom Third-Party Defendant had no control, including subcontractors, vendors, or ADRI itself.

**Fifth Affirmative Defense – Waiver and Estoppel**

5. ADRI's actions, including acceptance of work and authorization of payments to Third-Party Defendant, constitute waiver and estoppel with respect to any claims alleged.

### Sixth Affirmative Defense – Accord and Satisfaction

6. Any payments or agreements between ADRI and Third-Party Defendant constitute accord and satisfaction, barring recovery of additional sums.

### Seventh Affirmative Defense – Failure to Mitigate

7. ADRI and/or the Didinos failed to mitigate any alleged damages, and such failure bars or reduces any recovery.

### Eighth Affirmative Defense – Voluntary Payment Doctrine

8. Any payments made to Third-Party Defendant by or through ADRI or the Didinos were voluntary and with full knowledge of the facts, and cannot now be recovered.

### Ninth Affirmative Defense – Statute of Frauds / Improper Oral Claims

9. To the extent ADRI alleges breach of any oral agreement that cannot be performed within one year, such claims may be barred by the Statute of Frauds.

### Tenth Affirmative Defense – Economic Loss Doctrine

10. Any alleged damages arise solely from contractual relationships and are barred to the extent ADRI attempts to assert tort claims.

### Eleventh Affirmative Defense – Speculative Damages

11. ADRI's claims for damages are speculative, unsubstantiated, and not recoverable under applicable law.

### Twelfth Affirmative Defense – Lack of Standing

12. ADRI lacks standing to assert certain damages on behalf of the Didinos, to the extent the alleged losses were incurred by the Didinos directly.

### Reservation of Rights

13. Third-Party Defendant reserves the right to assert any additional defenses that may become available through discovery or further factual and legal investigation.

*WHEREFORE*, The Third-Party Defendant, Eric Lopes respectfully requests:

1. Dismiss the Third-Party Complaint filed by Advanced Disaster Recovery, Inc. ("ADRI") with prejudice;
2. Deny ADRI any and all relief requested against Lopes;
3. Award Lopes his costs, attorneys' fees, and expenses incurred in defending this action; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEVY, STIEH & BARON, P.C.**
By:   /s/ *Steven Benedict*
　　Steven Benedict, Esquire
　　*Attorney for Third-Party Defendant*
　　*Eric Lopes a/k/a*
　　*Blue Dot Solutions*
　　Attorney ID #311120
　　542 U.S. Routes 6 & 209, P.O. Box D
　　Milford, PA  18337
　　P: (570) 296-8844/ F: (570) 296-3914
Dated: October 6, 2025　　E-mail: sbenedict@lsblawoffice.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Third-Party Defendant, Eric Lopes a/k/a Blue Dot Solutions' Answer and Affirmative Defenses has been served on this date via the Court's electronic filing system on all parties of record in connection with this matter.

**LEVY, STIEH & BARON, P.C.**
By: /s/ *Steven Benedict*
Steven Benedict, Esquire
*Attorney for Third-Party Defendant*
*Eric Lopes a/k/a*
*Blue Dot Solutions*
Attorney ID #311120
542 U.S. Routes 6 & 209, P.O. Box D
Milford, PA 18337
P: (570) 296-8844/ F: (570) 296-3914
E-mail: sbenedict@lsblawoffice.com

Dated: October 6, 2025